IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| HAROLD W. BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 110-031 |
| ) | |
| JOHN E. POTTER, Postmaster General, ) | |
| United States Postal Service, Southeast ) | |
| Area; TIMOTHY P. GOODWIN; ) | |
| KEYSHA JOHNSON; and JEANETTE ) | |
| HARMON, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

Accordingly, on August 23, 2010, the Court reviewed Plaintiff's original complaint and first amended complaint together in conformity with the IFP statute. (Doc. no. 11.) Because of pleading deficiencies, Plaintiff was directed to file a second amended complaint. (Id.) Plaintiff filed his second amended complaint, and it is that document that the Court will

now screen. (Doc. no. 12.)

I.  **BACKGROUND**

*Liberally* construing Plaintiff's second amended complaint, the Court finds that Plaintiff names the following Defendants: (1) John E. Potter, Postmaster General; (2) Timothy P. Goodwin; (3) Keysha Johnson; and (4) Jeanette Harmon . (Doc. no. 12, p. 1; doc. no. 12-1, pp. 2-3.)

In Plaintiff's second amended complaint, he states that he was a postal worker who injured his left shoulder in April of 2007.[1] (Doc. no. 12-3, p. 7.) Plaintiff claims that the injury is related to his work with the United States Postal Service ("Postal Service") (doc. no. 12-2, p. 1), and that he was limited to lifting up to 10 pounds and could not use his left arm continuously (doc. no. 12-3, p. 7). After accruing several unscheduled absences, Plaintiff was terminated. (Doc. no. 12-3, p. 8.) Plaintiff alleges that he was discriminated against based upon a physical disability when he was issued a Proposed Notice of Removal by Defendant Johnson and eventually lost his job. (Doc. no 12-1, p. 2.) Plaintiff further alleges that Defendants Johnson and Harmon lied in their investigative affidavits when they stated they were unaware of Plaintiff's claimed disability. (Id., doc. nos. 12-4, 12-5.) Plaintiff goes on to claim that Defendant Goodwin lied about when he became aware of Plaintiff's injury and when he stated that he did not have an employee with an attendance

---

[1] Plaintiff was notified in the September 23rd Order that "he shall not incorporate [exhibits] by reference as a means of providing the factual basis for his complaint." (Doc. no. 11, p. 4.) Plaintiff failed to follow this instruction. Although the Court does not look favorably upon parties who fail to follow instructions set forward in a Court Order, in this case, the Court examined Plaintiff's exhibits in order to facilitate screening of Plaintiff's second amended complaint and avoid the delay of ordering Plaintiff to submit a third amended complaint.

2

record comparable to that of the Plaintiff's. (Doc. no. 12-1, p. 2-3; doc. no. 12-6, p. 5.)

## II. DISCUSSION

### A. Timing of Plaintiff's Complaint

Since Plaintiff received a Final Agency Decision regarding his grievance with the United States Post Office, the rule governing the filing of Plaintiff's complaint in the appropriate United States District Court is provided in 29 C.F.R. § 1614.310(a) (2010), which requires that Plaintiff file his complaint within 30 days of receiving the Final Agency Decision. Plaintiff did not supply the date which he received the decision, however, the decision is marked as decided on February 9, 2010. (Doc. no. 12-3, p. 15.) Plaintiff filed his original complaint on March 8, 2010. (Doc. no. 1.) Therefore, assuming that Plaintiff received a copy of the decision on the very day that it was decided, he filed his complaint within the 30 day window allowed under 29 C.F.R. § 1614.310(a) (2010).

### B. Improper Defendants

Liberally construing Plaintiff's second amended complaint, the Court determines that Plaintiff is attempting to bring a claim pursuant to the Rehabilitation Act of 1973, § 505(a)(1), 29 U.S.C. § 794(a) ("Rehabilitation Act"). The Rehabilitation Act precludes discrimination against an individual based solely upon his disability by programs or activities receiving federal financial assistance, any program or activity conducted by an executive agency, or by the Postal Service. 29 U.S.C. § 794(a).

Defendants Goodwin, Johnson and Harmon should be dismissed as improper defendants under the Rehabilitation Act. Although the Eleventh Circuit has not specifically ruled that the Postmaster General is the only proper defendant in a lawsuit by an employee

3

of the Postal Service under the Rehabilitation Act, several other circuit courts, as well as some district courts within the Eleventh District have adopted that viewpoint. See Brezovski v. U.S. Postal Service, 905 F.2d 334, 335 (10th Cir. 1990); Honeycutt v. Long, 861 F.2d 1346, 1349 (5th Cir. 1988) (stating that the proper defendant under both Title VII and the Rehabilitation Act is the head of the department, agency or unit); Morgan v. U.S. Postal Service, 798 F.2d 1162, 1165, n. 3 (8th Cir. 1986); McGuinness v. U.S. Postal Service, 744 F.2d 1318, 1322-23 (7th Cir. 1984); Lapar v. Potter, 395 F. Supp. 2d 1152, 1158 (M.D. Fla. 2005; Shaw-Campbell v. Runyon, 888 F. Supp. 1111, 1112 (M.D. Ala. 1995); Taylor v. Tisch, 686 F. Supp. 304, 308 (S.D. Fla. 1988).

The statement by the district court in Shaw-Campbell is particularly persuasive:

> Section 794a(a) of the [Rehabilitation] Act further provides that the remedies and procedures of Title VII shall apply when an aggrieved employee brings a disability discrimination claim against the United States government. The procedures of Title VII state that in an employment discrimination action against the United States, the head of the department, agency or unit, as appropriate, shall be the defendant. The Postmaster General is the head of the United States Postal Service. Thus, the court concludes, as the defendants urge, that the Postmaster General is the only proper party-defendant in this case.

Shaw-Campbell, 888 F. Supp. at 1112.

Thus, this Court concludes that, under the Rehabilitation Act, if Plaintiff has a valid claim, the only proper party-defendant is Defendant Potter, the Postmaster General, and therefore Defendants Goodwin, Johnson and Harmon should be dismissed.

### C. Failure to State a Claim

Liberally construing Plaintiff's second amended complaint, the Court finds that

4

Plaintiff fails to state a claim under the Rehabilitation Act. To establish a prima facie case of discrimination under the Rehabilitation Act, an individual must demonstrate that he was: (1) disabled or perceived to be disabled; (2) a qualified individual with an impairment that substantially limits a major life activity; and (3) discriminated against on the basis of his disability.[2] Wood v. Green, 323 F.3d 1309, 1312 (11th Cir. 2003). Here, Plaintiff claims: (1) he was disabled by means of his shoulder injury; (2) he was only able to lift up to 10 pounds and was unable to use his left arm continuously; and (3) he was discriminated against on the basis of his disability when he was terminated from his job with the Postal Service.

Section 794a(a) of the Rehabilitation Act states that the remedies and procedures of Title VII[3] shall apply when an employee brings a disability discrimination claim against the United States Government. See Doe v. Garrett, 903 F.2d 1455, 12459 (11th Cir. 1990). In addition, "[t]he standard for determining liability under the Rehabilitation Act is the same as that under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* ("ADA"); thus, cases involving the ADA are precedent for those involving the Rehabilitation Act." Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005). Therefore the Court will utilize the relevant Title VII and ADA case law in evaluating Plaintiff's claim under the Rehabilitation Act.

---

[2]The Court is aware that Plaintiff is not required to plead the following causes of action with specificity; nonetheless, Plaintiff must provide enough information to give Defendant fair notice of the basis of his asserted claims. See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513-14 (2002). Additionally the Eleventh Circuit found that the Supreme Court in Swierkiewicz "did not even remotely suggest that a pleading could survive dismissal when it consisted of only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based." Jackson v. Bellsouth Telecommunications, 372 F.3d 1250, 1270-71 (11th Cir. 2004).

[3]Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, *amended by* 42 U.S.C. § 1981a.

First, Plaintiff fails to establish that he is disabled or suffers from an impairment that substantially limits a major life activity. Whether an individual has a disability under Title VII and the Rehabilitation Act is not based on the name or diagnosis of the impairment, but instead on the effect that the impairment has on that individual's life. Sutton v. United Airlines, Inc., 527 U.S. 471, 483 (1998). Under 34 C.F.R. § 104.3(j)(1), a person with a disability[4] is defined as an individual who: (1) has a physical or mental impairment which substantially limits one ore more of that person's major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. Major life activities are defined by the Equal Employment Opportunity Commission as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 29 C.R.F. § 1630.2(i). Here, Plaintiff's alleged disability involves an injury to his left shoulder that prevents him from being able to lift more than 10 pounds and prohibits continued use of his left arm. The Eleventh Circuit found that a similar lifting restriction was not adequate to render a person disabled under the Rehabilitation Act. See Garrett v. Univ. of Ala. at Birmingham, 507 F.3d 1306, 1315 (11th Cir. 2007) (finding, among other factors, that a recovering cancer patient's inability to lift more than 10 pounds in 1997, 3 years after surgery to remove lymph nodes from under her right arm, was not sufficient to constitute a disability). Several other circuits have also found that similar weight lifting restrictions did not qualify as a disability under the ADA because it did not

---

[4]This regulation which construes the Rehabilitation Act actually uses the word "handicap" as opposed to the word "disability" used by the ADA. However, the Eleventh Circuit has held that it is clear that these terms can be used interchangably. Cash v. Smith, 231 F.3d 1301, 1305 n.3 (11th Cir. 2000).

constitute a substantial limitation on the life activity of lifting. See Marinelli v. City of Erie, 216 F.3d 354, 364 (3d Cir. 2000); Ray v. Glidden Co., 85 F.3d 227, 229 (5th Cir. 1996). Thus, Plaintiff has failed to establish that he suffers from a disability as defined by the Rehabilitation Act or that he suffers from an impairment that substantially limits a major life activity.

Lastly, Plaintiff fails to establish that he was discriminated against on the basis of his claimed disability. Plaintiff only supplies a conclusory allegation that the reason that he was fired had to do with his disability, and not his absences, as the Postal Service claimed. Plaintiff provides no factual basis to support his allegation, and thus fails to meet the pleading requirement outlined in Swierkiewicz.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has improperly named Defendants Goodwin, Johnson and Harmon as Defendants in this case, and has failed to state a claim upon which relief can be granted. The Court accordingly **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED on this 10th day of November, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE