IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| HAROLD W. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-031 |
| | ) | |
| JOHN E. POTTER, Postmaster General, | ) | |
| United States Postal Service, Southeast | ) | |
| Area, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 15.) The Magistrate Judge recommended dismissal of Plaintiff's employment discrimination case because Plaintiff failed to state a claim upon which relief could be granted. (Doc. no. 13, p. 7.) Specifically, the Magistrate Judge found that Plaintiff had failed to establish that he was disabled or that he was discriminated against on the basis of a disability as required by the Rehabilitation Act of 1973. (Id at 5-7.)

In his objection, Plaintiff argues that he has stated a prima facie case under the Rehabilitation Act. In support of his argument, Plaintiff quotes a passage from his Final Agency Decision by the Equal Employment Opportunity Commission ("EEOC") (doc. no. 12-3, p. 12) which states that Plaintiff had shown that he had been subject to an adverse

employment action. (Doc. no. 15.) However, demonstration of an adverse employment action does not establish that Plaintiff has a claim. As the Magistrate Judge stated in his Report and Recommendation, to establish discrimination under the Rehabilitation Act, an individual must demonstrate that he was: (1) disabled or perceived to be disabled; (2) a qualified individual with an impairment that substantially limits a life activity; and (3) discriminated against on the basis of his disability. (Doc. no. 13, p. 5 (citing Wood v. Green, 323 F.3d 1309, 1312 (11th Cir. 2003)).) Simply citing an adverse employment action does not fulfill any of the above requirements. Additionally, the Final Agency Decision by the EEOC that Plaintiff cites for support also found that Plaintiff had failed to establish that he was disabled or that he was treated differently due to a disability. (Doc. no. 12-3, p. 12 (emphasis added).) Therefore, Plaintiff's objection does not alter the Magistrate Judge's analysis, or the conclusion that Plaintiff fails to state a claim upon which relief can be granted. Thus, Plaintiff's objection is **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED**, and this civil action is **CLOSED**.

SO ORDERED this 21st day of December, 2010, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA